UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

LUCAS WILLIAMS

     v.                                            Case No. 26-cv-008-SM-TSM

SERGIO JIMENEZ, KEVIN C. MCCLANAHAN,
CARMEN PACHECO, DAWN HILL-KEARSE,
WAVNY TOUSSAINT

## REPORT AND RECOMMENDATION

Self-represented Plaintiff, Lucas Williams, proceeding in forma pauperis, filed a Complaint (Doc. No. 1) wherein he asserts that Defendants conspired together "in violation of due process," in connection with a lawsuit identified as "LT-325749-22/KI." The Complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).

## PRELIMINARY REVIEW STANDARD

In conducting preliminary review under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court construes pro se pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court may dismiss claims if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief might be granted, or the action is frivolous or malicious. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2). To determine if a pleading states a claim upon which relief can be granted, the court takes as true the facts asserted in the complaint, and inferences reasonably drawn from those facts, strips away the legal conclusions, and considers whether the complaint states a claim that is plausible on its face. Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## DISCUSSION

Stripped of legal conclusions regarding the existence of a "conspiracy" to violate due process, the Complaint asserts that a hearing in a case bearing the docket number, LT-325749-22/KI, is scheduled for February 2, 2026, before Defendant Sergio Jimenez.[1] Plaintiff, who lives in Louisiana, has not asserted any facts indicating that this case bears any connection to New Hampshire, or that matters described in the Complaint affect his own rights in any way. The allegations in the Complaint fail to state a claim upon which relief can be granted.

As of the date of this Report and Recommendation, more than twenty-five federal judicial districts have docketed the same Complaint filed by Plaintiff against the same set of Defendants. Without undertaking a comprehensive assessment of how each of those courts handled Williams's Complaint in the days that have passed since the courts docketed the same case, this court notes that, on January 5, 2026, the court in the Western District of Virginia granted Williams fourteen days to file an amended complaint there, upon concluding that Williams failed to satisfy the basic pleading requirements established in Iqbal. Williams v. Jimenez, No. 5:26-cv-00001-TTC-JCH (W.D. Va. Jan. 5, 2026). Then, two days later, on January 7, 2026, the court in the Western District of Wisconsin dismissed the Complaint upon preliminary review, concluding that the matter is "duplicative and malicious." See Williams v. Jimenez, No. 3:26-cv-00011-wmc (W.D. Wis. Jan. 7, 2026).

[A]s part of its inherent power to administer its docket, a district court may dismiss

---

[1] The docket number format, LT-325749-22/KI, is not used in the courts in New Hampshire. A landlord tenant matter bearing that docket number was filed in Kings County Civil Court in New York. See Yao Wen Zeng Lei v. Yu Hin Chan, No. LT-325749-22/KI (N.Y. Civ. Ct., Kings Cty.). The online docket in that matter does not list Williams as a case participant. See N.Y. State Unified Ct. Sys., NYcourts.gov, E-courts, Web-Civil Local Case Search, https://iapps.courts.state.ny.us/webcivil/ecourtsMain.

2

> a suit that is duplicative of another federal court suit. The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," and to protect parties from "the vexation of concurrent litigation over the same subject matter."
>
> . . . .
>
> [A]ll of the circuits that have confronted the question . . . conclude that a "duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious" for prisoners suing governmental entities and those proceeding in forma pauperis.

Bonham v. Lyons, No. 1:25-cv-982, 2025 WL 2601928, at *2, 2025 U.S. Dist. LEXIS 175477, at *3 (W.D. Mich. Sept. 9, 2025) (internal citations omitted) (citing decisions of Third, Fifth, Eighth, Ninth, Tenth, Eleventh, and District of Columbia Circuits); see also Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) ("When declaring that a successive in forma pauperis suit is "malicious" the court should insure that the plaintiff obtains one bite at the litigation apple—but not more.").

Plaintiff here has been afforded one opportunity (at least) – albeit in another federal judicial district – to file an amended pleading that states a claim upon which relief can be granted. The Complaint here is identical to the same Complaint filed against the same parties by the same plaintiff in multiple federal courts over the course of several days in January 2026. In such circumstances, deeming the Complaint here to be duplicative and malicious and dismissing it at this time without prejudice under 28 U.S.C. § 1915(e)(2), while affording Plaintiff an opportunity to file a timely objection to this Report and Recommendation, is fair to the pro se party and in the interests of justice and judicial efficiency.

## CONCLUSION

For the foregoing reasons, the district judge should dismiss the Complaint in its entirety without prejudice. Any objections to this Report and Recommendation must be filed within

fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The objection period may be extended upon motion. Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016) (citations omitted).

        _____
        Talesha L. Saint-Marc
        United States Magistrate Judge

January 12, 2026

cc:    Lucas Williams, pro se